ELBERT BURNETT V. THE STATE.

No. 2095.   Decided May 6, 1901.

1. **Sunday Law—Sale of Liquor by Employe—Statute Construed.**

The statute, with regard to violations of the Sunday law, embraces any party in the employ of the merchant or dealer in any respect about the particular business, although such party was not employed as a salesman; and such party is liable for a sale of liquor on Sunday if only employed to work about the saloon on that day.

2. **Same.**

The statute, with regard to violations of the Sunday law, embraces an employe who assists in the sale of liquor although he did not, in fact, make or act as agent in the sale. If he knowingly aided in the sale, he 'is a principal; as, for instance, where he got the money from the purchaser, handed it to the bar-keeper, who handed him a bottle of whisky, which he delivered to the purchaser.

3. **New Trial—Newly Discovered Evidence.**

A motion for new trial can not be predicated upon newly discovered evidence where the evidence is further testimony of witnesses who testified on the trial.

APPEAL from the County Court of Hunt.   Tried below before Hon. R. D. THOMPSON, County Judge.

Appeal from a conviction for selling whisky on Sunday; penalty, a fine of $25.

The opinion states the case.

*D. W. Huffar* and *Joseph F. Nichols,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the Sunday law, and his punishment assessed at a fine of $25, and he prosecutes this appeal.

In the motion for new trial appellant complains of the charge of the court as follows: "If the jury believe from the evidence beyond a reasonable doubt that defendant, Elbert Burnett, did at the time and place alleged, unlawfully and willfully sell, or assist in the sale of, a pint of whisky to A. T. Fitts, then you will find defendant guilty," etc. The complaint here is that it assumed appellant was the agent or employe of Joe Kearby, the owner of the saloon. This is certainly the effect of the charge, and, if his employment was controverted or in issue, the charge would be erroneous. The State, by its testimony, proved that he was in the employ of Kearby as porter. Appellant, who testified on his own behalf, states that he was working in Kearby's saloon on the day of the alleged sale of the whisky to Fitts; that he was helping to clean up that day, and moving the bar fixtures; that he did not work for said Kearby before that day, and had no contract for employment for any other day. It occurs to us that this is an admission on his part that he was in the employ of Kearby on that Sunday. We

do not think the statute means that he must be employed as a salesman in order to make him guilty of the offense, but means, if he is in the employ of the merchant or dealer in any respect about the particular business, the statute comprehends him; that is, suppose he was the book-keeper of the establishment, and should make a sale on Sunday, the statute would cover such a case.

Again, appellant complains that the charge in question authorizes the jury to convict, not on a sale or on an agency, but if he assisted in the sale. We think the statute covers this phase of the case. If he was in the employ, and knowingly aided in the sale, he would be a principal. The testimony on the part of the State shows that he went to the door, got the money, handed it to the barkeeper, who gave him the bottle of whisky and the change, which he carried and delivered to the purchaser, Fitts, at the door. He admits himself that he carried the pint of whisky to the door, and gave it to said Fitts, but denies that he received the money for the whisky. The receipt of the money, it seems to us, would make no difference. If, being in the employ of Kearby on that day (and it does not matter as to the compensation he was to receive), he did any act in aid of the sale of the whisky, though the sale may have been made by the barkeeper, he would be amenable under the law. If he had been a mere stranger in the saloon, not in the employ of Kearby, and merely handed out the whisky at the request of the barkeeper, he would not come under the terms of the statute.

Appellant also claims the court should have granted him a new trial on the ground of newly-discovered evidence. The newly-discovered evidence consists for the most part of some further testimony that the witnesses who were introduced by the State would have testified to if they had been examined more minutely. This could not be considered newly-discovered evidence. Appellant knew they were present, and should have ascertained, if he did not already know, the facts of which they were cognizant. It may be unfortunate that he did not have an attorney at the time, but this does not afford ground for new trial. The judgment is affirmed.

*Affirmed.*